**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------

WHAT DO YOU MEME LLC

        Plaintiff,

                v.

LONGTENG

        Defendant.

-------------------------------------------

Civil Action No. 25-cv-10153

Jury Trial Demanded

**COMPLAINT**

The Plaintiff, What Do You Meme, LLC (hereinafter, "Plaintiff") by and for its complaint against Defendant, Longteng ("Defendant") hereby alleges and states:

**INTRODUCTION**

1. This is an action for Copyright Infringement, 17 U.S.C. § 101, et seq., False Designation of Origin, False Advertising, and Unfair Competition arising under the Lanham Act §43(a), 15 U.S.C. §1125 and for common law trademark infringement under the laws of the State of New York.

2. Plaintiff, What Do You Meme, LLC is a limited liability company, located at 233 Spring Street, 5th Floor West, New York, New York 10013.

3. Upon information and belief, Longteng is a Chinese company with a principal place of business located at Echeng District Unit 5, 8th Floor, South Apartment, Intersection of Jianshe Street and Dabeimen, Ezhou City, Hubei Province, China, 436000.

1

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C. §1121(a) (actions arising under the Lanham Act have original jurisdiction in federal courts), and 15 U.S.C. §§1114, §1125 and 17 U.S.C. 101. This court also has supplemental jurisdiction over the asserted claims of common law Trademark Infringement, pursuant to 28 U.S.C. §1367(a), because such claims are so related to those claims under which toe Court has jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

5. This Court has personal jurisdiction over Defendant because Defendant regularly transacts, does, and solicits business in this judicial district, including by offering to sell, or causing to be offered for sale, and/or selling products and/or services in this district, including the infringing products at issue in this lawsuit, and/or because Defendant has committed tortious acts within this jurisdiction and has caused injury to Plaintiff in this district as alleged further herein. Furthermore, Defendant has consented to the jurisdiction of this Court under 17 U.S.C. § 512(g)(3)(D).

6. Venue is proper in this District pursuant to 28 USC §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this District and Plaintiff resides in this District.

## FACTUAL BACKGROUND

### The Parties

7. Founded in 2016 in New York City, Plaintiff is an entertainment consumer product company driven by the digital age and inspired by pop culture. Plaintiff's business focuses

2

on products that customers can relate to — things that make people feel good, get them to hang out together, and just have a good time.

8. Plaintiff has a portfolio that features over 150 unique products, including a wide array of adult party games as well as family-friendly games, kids' games, outdoor games, plush toys, and more.

9. On information and belief, Defendant is a Chinese company that operates an Amazon.com storefront under the trade name "Generic" and/or "Gifridy."

**Plaintiff's Copyrights and Trademark**

10. One of Plaintiff's successful products is its KOLLIDE action skill game, released in 2024.

11. Plaintiff's KOLLIDE game reached immediate success, selling hundreds of thousands of units in just its first year since being launched.

12. Through significant investment in marketing its KOLLIDE game, including significant marketing and advertising expenditures, Plaintiff has obtained wide public recognition and goodwill for this brand.

13. Plaintiff's online and social media marketing efforts for its KOLLIDE game has reached an incredibly broad audience with over 20 million views and one million likes across various platforms.

14. Since inception, several social media posts featuring Plaintiff's KOLLIDE game have gone viral, including several videos earning over 100,000 "likes."

15. The KOLLIDE game features a plurality of three-dimensional magnetic game pieces, each comprised of two regular polygon face pieces with a series of interlocking polygons

3

creating a perimeter surface that connects the two face pieces, with a magnet securely enclosed within the casing. The game also includes a black rope tied end-to-end to create a defined play area and a bag with a cinched top designed to carry the game pieces and rope (collectively, the "Game Components"). The KOLLIDE game also contains an internal pamphlet which contains certain instructional materials (the "Instructions").

16. Plaintiff is the copyright owner of all elements of its KOLLIDE game, including the Game Components and the Instructions, as well as certain marketing photographs for the KOLLIDE game ("Copyrighted Works").

17. The Copyrighted Works are wholly original, and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Works.

18. Plaintiff is the owner of valid and subsisting United States Copyright Registration for the Copyrighted Works, including Registration Nos. VA 2-462-665 and VA 2-451-479, issued by the United States Copyright Office, with an Effective Date of Registration of May 21, 2025 and May 22, 2025, respectively. Attached as Exhibit A is a true and correct copy of the registration certificates for the Copyrighted Works.

19. In addition to its extensive common law rights, Plaintiff is also the owner of US Application No. 98/275,732 for the mark KOLLIDE ("Plaintiff's Trademark").

**Defendant's Infringing Activities**

20. Defendant markets, offers for sale and sells a portable magnet game (the "Infringing Product") on Amazon.com using Plaintiff's KOLLIDE mark.

21. Plaintiff's use and rights in its KOLLIDE mark predate any trademark rights that Defendant can claim in the mark.

22.  Defendant's use of the KOLLIDE mark to promote and sell its own magnetic chess game is without the approval or authorization of Plaintiff.

23.  Defendant's conduct and use of the KOLLIDE mark is likely to cause and, upon information and belief, has caused consumers to believe mistakenly that the Infringing Product is either affiliated with, endorsed or authorized by, or somehow connected to Plaintiff.

24.  The Infringing Product also infringes Plaintiff's copyright protected works.

25.  The Infringing Product features a plurality of three-dimensional magnetic game pieces, each comprised of two regular polygon face pieces with a series of interlocking polygons creating a perimeter surface that connects the two face pieces, with a magnet securely enclosed within the casing. The game also includes a black rope tied end-to-end to create a defined play area and a bag with a cinched top designed to carry the game pieces and rope. The Infringing Product also contains an internal pamphlet which contains certain instructional materials, that are substantially identical to the instructional materials in the Instructions in the Kollide Game.

26.  Photographs of the Infringing Product and text from that product, shown next to Plaintiff's Copyrighted Work, is depicted below:

| Plaintiff's Registered Work | Defendant's Copied Work |
|---|---|
| | |
| | |

|  | |
|---|---|
| **"THIS IS A GAME OF PUSH AND PULL. HOPEFULLY MORE PUSH THAN PULL"** | **"THIS IS A GAME OF PUSH AND PULL. HOPEFULLY MORE PUSH THAN PULL"** |
| "The goal is to get rid of all your magnets. But you'll have to battle to not KOLLIDE with any other magnets." | "The goal is to get rid of all your magnets. But you'll have to battle to not Kollide with any other magnets." |
| "**SETUP:** Arrange the rope in any shape you like. Just make sure it's on a flat, even surface – and that everyone can reach it." | "**SETUP:** Arrange the rope in any shape you like. Just make sure it's on a flat, even surface – and that everyone can reach it." |
| "Divide the magnets up evenly among all the players. If there's any uneven number, just keep the extras in the box. They'll stick together in there so they won't get lonely:)" | "Divide the magnets up evenly among all the players. If there's any uneven number, just keep the extras in the box. They'll stick together in there so they won't get lonely." |
| "**HOW TO PLAY:** The first person who can stick the magnet to something in their surroudings goes first. *(HINT: RUSH TO THE FRIDGE.)*" | "**HOW TO PLAY:** The first person who can stick the magnet to something in their surroundings goes first. *(HINT: RUSH TO THE FRIDGE.)*" |

6

| | |
|---|---|
| "Before we get started, listen closely*: **DO NOT RUIN IT FOR EVERYONE BY SWALLOWING THESE MAGNETS.** Didn't think we'd have to say that - but we do."  | "Before we get started, listen closely: do not ruin it for everyone by swallowing these magnets. Didn't think we'd have to say that - but we do." |
| "Go around in a circle placing one magnet per turn inside the rope. ***YOU MUST PLACE THESE VERTICALLY****. What, you thought we'd make it easy on you?"* | "Go around in a circle placing one magnet per turn inside the rope. **YOU MUST PLACE THESE VERTICALLY**. what, you thought we'd make it easy on you?" |
| "***BUUUUUT*** – If your magnet snaps together with another magnet (or two, or three) you must pick up the entire bundle of magnets. That's true **EVEN IF** they Kollide as you're figuring out where to place it. Sorry, they can be pretty cliquey. And your turn is over." | "BUUUUUUT – If your magnet snaps together with another magnet (or two, or three) you must pick up the entire bundle of magnets. that's true EVEN IF they Kollide as you're figuring out where to place it. Sorry, they can be pretty cliquey. And your turn is over." |
| "Remember: Your turn starts as soon as you are hovering over the magnets, so if you get two or more magnets to Kollide as you're trying to figure out where to place them, you must pick them up and end your turn. If any magnets fall out of the arena as you're placing, they're also yours (and your turn is over). Lucky you. ***PLAY CONTINUES TO THE LEFT. AND SO ON.***" | "Remember: Your turn starts as soon as you are hovering over the magnets, so if you get two or more magnets to Kollide as you're trying to figure out where to place them, you must pick them up and end your turn. If any magnets fall out of the arena as you're placing, they're also yours (and your turn is over). Lucky you. **PLAY CONTINUES TO THE LEFT. AND SO ON.**" |
| "Oh, one more thing: It's okay for your magnets to wiggle a little bit as you place them down. As long as they don't Kollide together, you're good." | "Oh, one more thing: It's okay for your magnets to wiggle a little bit as you place them down. As long as they don't Kollide together, you're good." |
| "**HOW TO WIN:** The first player to get rid of all their magnets WITHOUT any magnets clumping together is the winner. You are a true magnet master." | "**HOW TO WIN:** The first player to get rid of all their magnets WITHOUT any magnets clumping together is the winner. You are a true magnet master." |

7

| | |
|---|---|
| "***RIDING SOLO (1 PLAYER)*** So you love the game so much that you want to keep playing after everyone went home. We got you.<br><br>In the RIDING SOLO version, the concept is the same. You're still trying to get rid of all your magnets, and you still have to keep them vertical. The difference is this: You must place all the magnets by yourself – without any kolliding together. If they do kollide, the game is over. But you should definitely try again." | "***RIDING SOLO (1 PLAYER)*** So you Love the game so much that you want to keep playing after everyone went home. We got you. In the RIDING SOLO version, the concept is the same. You're still trying to get rid of all your magnets, and you still have to keep them vertical. The difference is this: You must place all the magnets by yourself – without any Kolliding together. If they do Kollide, just pick up the clump and keep going." |

27. On information and belief, Defendant obtained physical possession of or otherwise viewed Plaintiff's Copyrighted Works, which include the KOLLIDE mark, and intentionally copied and/or made derivative works of the Copyrighted Works to create the Infringing Product, and then sold the Infringing Product using the KOLLIDE mark.

28. The Infringing Product is offered for sale throughout the United States, including into this judicial district, through online retailers such as Amazon.com.

29. That Defendant copied the Copyrighted Works when it created the Infringing Product is evidenced by the striking similarities between the Copyrighted Works and the Infringing Product, which cannot possibly be explained other than as a result of copying and Defendant's access to the Copyrighted Works as a result of the widespread dissemination of the Copyrighted Works in the United States and the numerous and substantial similarities between the parties' works.

30. Defendant copied the Copyrighted Works without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

31. Defendant did not seek, and pay, for a license to use the Copyrighted Works or the KOLLIDE mark.

8

32.     After Defendant copied the Copyrighted Works to create the Infringing Product, it exploited the Copyrighted Work to promote its own products and increase its own sales, thereby securing a financial windfall for the unauthorized use of Plaintiff's property and rights.

33.     As a result of Defendant's actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution, and public display of the Infringing Product. Defendant has never accounted to, or otherwise paid, Plaintiff for its use of the Copyrighted Works.

34.     On or about October 17, 2025, Plaintiff submitted a notice under the Digital Millenium Copyright Act alleging that the Infringing Products violated Plaintiff's rights in the Copyrighted Works.

35.     On or about November 24, 2025, Defendant submitted a counter-notice under the Digital Millenium Copyright Act, disputing that the Infringing Product violated Plaintiff's rights in the Copyrighted Works, and consenting to the jurisdiction of this Court for any dispute relating to the same.

36.     Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

37.     Defendant's conduct is willful, intentional, and represents a conscious disregard for Plaintiff's rights in the KOLLIDE Trademark and the Copyrighted Works

38.     Defendant's continued infringing activity is willful.

## COUNT I
## FEDERAL COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501

39. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

40. The Copyrighted Works are original works of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.

41. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Works.

42. Plaintiff owns a valid copyright registration for the Copyrighted Works, attached as Exhibit A.

43. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution and public display of the Infringing Works, which is copied from, derivative of, and/or substantially similar to Plaintiff's Copyrighted Works, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Copyrighted Works in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

44. On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Works, and has enabled Defendant illegally to obtain profit therefrom, including as evidenced by Defendant's blatant copying of Plaintiff's game instructions, almost verbatim, as depicted in Exhibit B.

45. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales deriving from the Infringing Works and products incorporating or embodying the Infringing Work, and an accounting of such profits.

46. Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each of the no less than four Copyrighted Works that were infringed by Defendant and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

47. Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

48. As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

49. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Works. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN AND**
**FALSE ADVERTISING UNDER THE LANHAM ACT 15 U.S.C. § 1125**

50. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

51. This count arises under 15 U.S.C. §1125(a).

52. Defendant has used the Infringing Trademark in a manner which is likely to cause confusion, mistake, or deception with Plaintiff's KOLLIDE Mark by virtue of its prominent use thereof in connection with identical goods.

53. Consumers will believe that Defendant's goods in conjunction with the Infringing Trademark is associated with, sponsored, and/or endorsed by the Plaintiff, when in fact they are not.

54. Defendant's use of the Infringing Trademark erodes the connection between Plaintiff's Trademark as being the single source for Plaintiff's goods offered under such marks. The Plaintiff's reputation has thus been and will continue to be subject to the perils and hazards which arise from Defendant's tortious activities, resulting in grave irreparable harm to Plaintiff and the consuming public.

55. Plaintiff has no control over the acts of Defendant, nor any responsibility for the acts of Defendant.

56. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, affiliation or association of the products of Defendant.

57. Defendant's use and/or association the Infringing Trademark constitutes a false designation of origin, as consumers are likely to associate Plaintiff's mark with Defendant.

58. Defendant's use of the Infringing Trademark constitutes false advertising leading consumers to believe that Defendant's goods originate from the Plaintiff when in fact they do not.

59. Defendant's acts under this Count are willful.

## COUNT III
## UNFAIR COMPETITION UNDER THE LANHAM ACT 15 U.S.C. § 1125

60. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

61. This count is for Unfair Competition in violation of 15 USC §1125(a).

62. Defendant's use of the Infringing Trademark is without Plaintiff's consent is likely to cause confusion among consumers, particularly as this mark is confusingly similar to Plaintiff's Trademark.

63. Defendant's use of the Infringing Trademark unfairly capitalizes on the goodwill associated with the Plaintiff's KOLLIDE Mark that Plaintiff has built through significant cost and effort.

64. By using terms that are confusingly similar to Plaintiff's KOLLIDE Mark, Defendant is unfairly competing with Plaintiff by conducting business on the goodwill built by Plaintiff.

65. Plaintiff is harmed by Defendant's activities.

66. Defendant's acts under this Count are willful.

67. Defendant's acts constitute unfair competition.

## COUNT IV
## **COMMON LAW TRADEMARK INFRINGEMENT**

68. Plaintiff restates and re-avers each and every allegation contained in the foregoing paragraphs, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

69. This count is for common law trademark infringement of Plaintiff's trademark rights in Plaintiff's KOLLIDE Mark, under the laws of the State of New York.

70. The Plaintiff has used, and has acquired considerable goodwill and distinctiveness, with regard to its KOLLIDE Mark. The mark has been advertised and promoted and otherwise used in commerce, since at least as early as a date preceding any rights Defendant could claim in these marks.

71. Plaintiff has extensively used its KOLLIDE Mark in commerce and has acquired a considerable and valuable goodwill for its mark. Relevant segments of the public have come to associate Plaintiff's KOLLIDE Mark with Plaintiff and Plaintiff's goods.

72. Defendant's adoption of the highly similar mark contributes to the likelihood that consumers will attribute goods offered under the KOLLIDE Mark or terms as emanating from the Plaintiff.

73. Defendant's use of the highly similar KOLLIDE Mark, for related and confusingly similar goods, as alleged above, is highly damaging to the Plaintiff and its marks and is in bad faith.

74. Defendant's use of the KOLLIDE Mark in conjunction with identical goods as the Plaintiff in the same or similar channels of trade without the Plaintiff's consent or authorization, irreparably damages the Plaintiff and is likely to cause confusion, mistake and deception as to the source or origin of the services and/or products sold and offered for sale by Defendant.

75. Defendant's infringement is willful.

76. Defendant's actions as aforesaid, damage and threaten to further damage the value of the Plaintiff's KOLLIDE Mark and the goodwill associated with its trademark.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by a Jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. That judgment be entered against Defendant and finding Defendant has knowingly and willfully violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2. That judgment be entered against defendant granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

   (a) manufacturing, distributing, marketing, advertising, promoting, displaying, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell the Infringing Works and any services, advertisements, products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works;

   (b) reproducing, distributing, or publicly displaying the Copyrighted Works, creating any derivative works based on the Copyrighted Works, or engaging

     in any activity that infringes Plaintiff's rights in its Copyrighted Works; and

  (c) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

3.  That Defendant be ordered to provide an accounting of Defendant's profits attributable to Defendant's infringing conduct, including Defendant's profits from sales of the Infringing Works and any services, products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works.

4.  That Defendant be ordered to destroy or deliver up for destruction all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's infringing conduct, including without limitation all remaining copies/inventory of the Infringing Works and any products, advertisements and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works, as well as all means for manufacturing them.

5.  That Defendant, at its own expense, be ordered to recall the Infringing Works from any distributors, retailers, vendors, or others that have distributed the Infringing Works on Defendant's behalf, and any advertisements, products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Copyrighted Works, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

6.  Awarding Plaintiff:

  (a) Defendant's profits obtained as a result of Defendant's infringing conduct, including but not limited to all profits from sales and other exploitation of the Infringing Works and any advertisements, products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Works or the Copyrighted Works, or in the Court's discretion, such

16

      amount as the Court finds to be just and proper;

(b) damages sustained by Plaintiff as a result of Defendant's infringing conduct, in an amount to be proven at trial;

(c) should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits;

(d) Any enhancements of such damages permitted under law; and

(e) Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 or any other statute or law.

7. For a judgment awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

8. THAT Plaintiff be granted such other and further relief as this court deems just and equitable.

      Respectfully Submitted,

      By: _s/ Jeffrey A. Lindenbaum_
      Jeffrey A. Lindenbaum (JL-1971)
      PRACTUS, LLP
      100 South Bedford Road, Suite 328
      Mount Kisco, New York 10549
      914-941-5668
      Jeffrey.lindenbaum@practus.com
      WCDocket@practus.com
      *Attorneys for Plaintiff*

December 8, 2025